IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRI LEE STEVENSON, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No. 18-1304 |
| ANDREW M. SAUL, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Terri Lee Stevenson ("Stevenson") applied for a period of disability and disability insurance benefits ("DIB") in December 2016. (R. 17) She alleged an onset of disability based upon both physical and mental impairments beginning in April of 2016. (R. 17) She was represented by counsel at a hearing before an Administrative Law Judge ("ALJ"), during which both she and a vocational expert ("VE") appeared and testified. (R. 17) Ultimately, the ALJ granted benefits for the period between April 25, 2016 through October 3, 2017, but denied benefits thereafter based upon medical improvement. (R. 20-28) Stevenson subsequently filed a Request for Review with the Appeals Council and submitted additional evidence. The Appeals Council denied the request for review. She then filed this appeal. The parties have filed Cross-Motions for Summary Judgment. *See* ECF Docket Nos. 13 and 15.

### Opinion

1. Standard of Review

1

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I

may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

   II. <u>The ALJ's Decision</u>

The ALJ issued a partially favorable decision. More specifically, at step one, the ALJ found that Stevenson has not engaged in substantial gainful activity since April 25, 2016, the onset date. (R. 20) At step two, the ALJ concluded that, from April 25, 2016 through October 3, 2017, Stevenson suffers from the following severe impairments: heart palpitations, hypertension, back pain, sacral insufficiency fracture, Barrett's esophagitis, hiatal hernia, gastroparesis with vomiting, migraine cephalgia, cervical spondylolisthesis, mild degenerative changes of the lumbar spine, and osteoporosis. (R. 20). At step three, the ALJ determined that, from April 25, 2016 through October 3, 2017, Stevenson did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 21) Between steps three and four, the ALJ decided that, from April 25, 2016 through October 3, 2017, Stevenson had the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 21-23) The ALJ further found that, during that same period, Stevenson was unable to perform any past relevant work and was an individual closely approaching advanced age. (R. 23) Ultimately, at the fifth step of the analysis, the ALJ concluded that, during that same time frame, considering

3

Stevenson's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that she could have performed. (R. 23-24) Consequently, he found Stevenson to be under a disability as defined by the SSA from April 25, 2016 through October 3, 2017. (R. 24)

The ALJ then determined that a medical improvement occurred as of October 4, 2017 and that the improvement increased her residual functional capacity. (R. 25) As a result, beginning on October 4, 2017, Stevenson was able to perform the full range of light work and there are jobs that exist in significant numbers in the national economy that she can perform. Therefore, Stevenson's disability ended on October 4, 2017. (R. 28)

III. Discussion

1. Due Process Violation

As stated above, Stevenson requested review of the ALJ's decision by the Appeals Council. The Appeals Council will review a case in limited circumstances, including, where there is additional evidence that is new, material, relates to the period at issue, and there is a reasonable probability that the evidence would change the outcome of the ALJ's decision. Additionally, the claimant must demonstrate that he/she had "good cause" for not submitting the evidence earlier. 20 C.F.R. 416,1470(a)(4), 404.970(a)(4). Here, Stevenson proffered an additional 450 pages of medical records to the Appeals Council in connection with her request for review, presumably urging that new evidence would change the outcome of the case.

The Appeals Council denied the request for review. (R. 1) It explained that the additional evidence did "not show a reasonable probability that it would change the

4

outcome of this decision."[1] (R. 2) The Appeals Council omitted the materials from the official administrative record. (R. 2) Stevenson alleges that the failure to include such materials gives rise to a due process violation because it prevents this Court from determining whether the Appeals Council erred in denying her Request for Review. *See* ECF Docket No. 14, p. 9.[2]

Stevenson's claim is foreclosed. In the Third Circuit, where the Appeals Council is presented with additional evidence yet denies a claimant's request for review, the district court is foreclosed from reviewing the Appeals Council's decision. *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001). According to the Third Circuit, the ALJ's decision constitutes the "final decision" and no statutory authority "authorizes a federal court to review a decision by the Appeals Council denying a claimant's request for review." *Castile v. Astrue*, Civ. No. 10-210, 2011 WL 4102539, at * 4 (W.D. Pa. Sept. 14, 2011), *citing Matthews*, 239 F.3d at 594. *See also, Cox v. Astrue*, Civ. No. 9-1334, 2010 WL 1976871, at * 9 (W.D. Pa. May 17, 2010) (stating that "[t]he Court acknowledges that the documentary evidence … was submitted to the Appeals Council prior to the denial of Cox's request for review. … As noted earlier, however, the Court has no jurisdiction to review that denial."), *citing, Browning v. Sullivan*, 958 F.2d 817, 822-23 (8th Cir. 1992) Had the Appeals Council granted Stevenson's request for review and then issued its own decision denying her application, this Court would be able to

---

[1] The Appeals Council determined that records from the Care Center dated May 21, 2018 through May 22, 2018 were created after the date of the ALJ decision and did not "relate to the period at issue." (R. 2)

[2] It is well-settled that my review of the ALJ's decision is limited to the evidence that was before him / her. Therefore, pursuant to Sentence Four of 42 U.S.C. 405(b), I cannot look at post-decision evidence that was not first submitted to the ALJ. However, where a claimant proffers evidence that was not previously presented to the ALJ a district court may remand pursuant to Sentence Six of 42 U.S.C. 405(g). Remand is appropriate only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *See Matthews v. Apfel*, 239 F.3d 589, 591-93 (3d Cir. 2001), *citing, Szubak v. Sec'y. of Health and Human Services*, 745 F.2d 831, 833 (3d Cir. 1984). Here, Stevenson *has not* requested a remand pursuant to Sentence Six. Indeed, Stevenson has not supplied any additional evidence to this Court.

assess whether the Appeals Council's decision was supported by substantial evidence of record. *Cox*, 2010 WL 1976871, at * 9, *citing, Eads v. Secretary of the Dept. of Health & Human Services*, 239 F.3d 815, 817 (7th Cir. 1993).

I recognize that there is a split of authority among the federal Courts of Appeals on this issue. *See Castille*, 2011 WL 4102539, at * 4 and *Cox*, 2010 WL 1976871, at * 9. See also, Brewes v. Commissioner of Social Security Administration, 682 F.3d 1157 (9th Cir. 2012) (relying on 20 C.F.R. § 404.970(b) in holding that evidence first considered by the Appeals Council becomes part of the administrative record available for review by the district court even where the Appeals Council denies review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336-337 (5th Cir. 2005); *Perez v. Chater*, 77 F.3d 41, 45 (2nd Cir. 1996); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994); *Nelson v. Sullivan*, 966 F.2d 363, 368 n. 5 (8th Cir. 1992) (same); *Ingram v. Comm'r. of Soc. Sec. Admin.*, 496 F.3d 1253, 1258 (11th Cir. 2007) (reaching the same conclusion but basing that conclusion on 42 U.S.C. § 405(g); *Wilkins v. Secretary of DHHS*, 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*) (same). *Compare with Matthews*, 239 F.3d, 589, 594 (3d Cir. 2001); *Mills v. Apfel*, 244 F.3d 1, 4-5 (1st Cir. 2001), (concluding that the administrative record before the district court consists only of the evidence presented to the ALJ) *reh'g en banc denied, cert. denied*, 534 U.S. 1085 (2002) and *Eads v. Sec'y. of the Dep't. of Health & Human Servs.*, 983 F.2d 815, 817-18 (7th Cir. 1993). The lack of uniformity among circuits is problematic and results in a claimant's appeals prospects differing depending upon where that claimant is situated. Although I find the reasoning of the Second, Fourth, Fifth, Eight, Ninth, Tenth and Eleventh Circuits to be persuasive, I am bound by precedent. Because the Appeals Council denied review, the "final decision" at

issue before me is that issued by the ALJ and the additional evidence Stevenson proffered to the Appeals Council need not have been incorporated into the administrative record. Consequently, there is no due process violation.

2. Severe Impairment

Stevenson next argues that the ALJ erred in his evaluation of her severe impairments. The ALJ found that Stevenson's severe impairments were physical in nature. (R. 20, 24) Yet Stevenson insists that she suffers from severe mental health impairments as well. The record indicates that Stevenson did allege impairment based upon, among other things, anxiety. (R. 77) She testified about depression, panic attacks and anxiety. (R. 47-48, 59-61, 66-68) Further, the administrative record contained information regarding Stevenson's mental health. (R. 85-87, 757-83) The results of Stevenson's mental status evaluation are set forth in the record and include a diagnosis of depressive disorder and adjustment disorder. (R. 445-46)

The ALJ makes no mention of these mental health impairments in his evaluation at step two of the analysis. In fact, the entire analysis at the second step consists of a single sentence.[3] I find the failure to acknowledge Stevenson's claim of severe mental impairments to be troublesome.

Typically, any error in failing to find a severe impairment at the second step of the analysis would constitute a "harmless error" if the ALJ continued with the analysis. *See Salles v. Comm'r. of Soc. Sec.*, 229 Fed. Appx. 140, 145 n. 2 (3d Cir. 2007) (stating that, "[b]ecause the ALJ found in Salle's favor at Step Two, even if he had erroneously

---

[3] After identifying the severe physical impairments in one sentence, the ALJ writes, "[t]he above medically determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28." (R. 21) See also (R. 24, "The claimant has not developed any new impairment or impairments since October 4, 201, the date the claimant's disability ended. Thus, the claimant's current severe impairments are the same as that present from April 25, 2016 through October 3, 2017.")

concluded that some of her other impairments were non-severe, any error was harmless.") However, when fashioning an RFC, the ALJ must consider all impairments, whether severe or not. See *Lopez v. Berryhill*, Civ. No. 15-4175, 2019 WL 1930164, at *2 (May 1, 2019), *citing*, 20 C.F.R. §§ 404.1545(a)(2); 416.945(a)(2). Here, the ALJ acknowledges that Stevenson reports intrusive thoughts, nightmares and anxiety attacks. (R. 26) The record also contains evidence that Stevenson was on medication for anxiety and depression. (R. 759-760) Yet the ALJ fails to mention this. Moreover, there is no analysis of any accompanying opinion evidence. Rather, without any further discussion, the ALJ states that "little weight is given to the opinion of the psychological consultative examiner (Exhibit 16F) based upon the claimant's lack of ongoing treatment and wide range of daily activities." (R. 27) Nor does the ALJ provide the missing analysis elsewhere in the opinion. Indeed, the analysis at step three is similarly wanting. (R. 21, 24) The ALJ offers nothing more than a conclusion that Stevenson's mental impairments do not satisfy any of the Listings set forth in Appendix 1. (R. 21, 24) Given the absence of meaningful analysis of Stevenson's mental impairments, I cannot assure myself that the decision to reject the impairments as "not severe" at the second step of the analysis is harmless error, particularly when the ALJ does not analyze those impairments elsewhere in the opinion. Consequently, this case must be remanded for a thorough consideration of Stevenson's mental health impairment(s). In remanding, I do not mean to suggest that the decision denying benefits is incorrect, only that, based upon the record before me, I cannot assure myself that the ALJ's basis for denying benefits is appropriate.[4]

---

[4] Because of my decision to remand on this issue, I need not address Stevenson's other arguments in support of remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRI LEE STEVENSON, )
    Plaintiff, )
)
 -vs- ) Civil Action No. 18-1304
)
ANDREW M. SAUL, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 7th day of January, 2020, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 13) is GRANTED and the Defendant's Motion for Summary Judgment (Docket No. 15) is DENIED. It is further ORDERED that this case be REMANDED for further consideration consistent with the Opinion set forth above.

          BY THE COURT:

          /s/ Donetta W. Ambrose
          Donetta W. Ambrose
          United States Senior District Judge